STATE *ex rel.* J. C. YELVINGTON v. A. D. F. BLOODWORTH, as City Manager, City of Miami, and A. E. FULLER, as Director of Finance of Said City.

189 So. 413
En Banc
Opinion Filed June 2, 1939

*Carson & Petteway,* for Relator;

*J. W. Watson, Jr.,* and *W. H. Burwell,* for Respondents.

THOMAS, J.—The alternative writ of mandamus commanded the respondents, the city manager and the director of finance of the City of Miami, to restore realtor to the position of clerk in the Department of Finance, or to show cause for not doing so. It was issued upon a petition alleging that relator was employed in that department on July 6, 1934, and thereafter, August 21, 1934, took the civil service examination for a permanent clerkship there. Successful, he was given a grade of 93 per centum and assigned to work as "property manager, property appraiser, liasion man," charged with the duty of supervising acquisition of parks and playgrounds.

Afterwards the city commission resolved that the mayor be authorized to appoint a "tax certificate appraisal committee" and relator assumed the duties of chairman, the work to be in addition to his other employment. May 26, 1937, the position of property manager in the Department of Finance was abolished by ordinance and relator was dismissed.

Relator further charged that the office abolished had never, in fact, been established and that contrary to the provisions of the civil service rules others junior to him in length of service were retained after his dismissal.

In the return it is denied that relator received a grade of 93 per cent in the examination taken by him and asserted than, on the contrary, he received a grade of only 70 per cent, hence was not placed in the classified list, as no one was eligible who did not attain a grade of seventy-five per cent. It was admitted that employment of relator was in violation of the charter and the rules of the civil service board. His position was designated in the return as property

manager, a place created by the appropriation ordinance for the fiscal year 1934-1935, as distinguished from clerk in the department of finance in which latter capacity he would have served by virtue of being on the eligibility list of the civil service board.

Following the filing of the return, there were lodged in this Court by the respective parties, besides the petition, writ and return, a replication, rejoiner, surrejoiner and rebutter.

The matter is before us now on motion for peremptory writ of mandamus. The pleadings contain iterations and reiterations on the part of relator that he showed his fitness for a place on the civil service list by passing the examination with a grade of 93 per cent and on the part of respondents' assertions and reassertions that he failed with a grave of 70 per cent.

It seems that no intelligent determination of the controversy can be reached until we are presented with some evidence on this controverted fact. It is interesting to note that attached to respondents' rejoiner is a photostatic copy of some records referred to in the pleading as "the official records of the Civil Service Board of the City of Miami" whereupon appears this notation: "J. C. Yelvington 70%" under the caption "Clerical Examination," while appended to the surrejoiner is a photostatic copy of a record with the caption "Civil Service Board" including among several entries the one "Yelvington, J. C. * * * 93%" under column titled: "Examination, Grade On."

The outcome of this litigation will ultimately depend on the eligibility or noneligibility of relator as a civil service employee and without testimony showing the validity or invalidity of his claims to such status we cannot proceed further.

The motion for peremptory writ is denied and the matter

is referred to the Circuit Court with directions to take the testimony of the parties on the issue to which we have alluded and such other issues as are presented by the pleadings and to return the same with the court's findings thereon.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD. and CHAPMAN, J. J., concur.